[669 NYS2d 15]

In the Matter of FREDERICK E. WATSON (Admitted as FREDERICK EARL WATSON), a Disbarred Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 8, 1998

## APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Frederick E. Watson,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Frederick E. Watson was admitted to the practice of law in the State of New York by the First Judicial Department on May 26, 1954, under the name Frederick Earl Watson. Respondent was also admitted to the practice of law in California, where he has lived and practiced since 1955. By order entered June 13, 1996 (222 AD2d 4), this Court disbarred respondent from the practice of law in this State. Respondent had been suspended and placed on probation in California for conduct constituting a willful violation of the California Business and Professional Code and was therefore subject to reciprocal discipline in this State pursuant to 22 NYCRR 603.3. In addition to his California suspension, he had persistently failed to file registration statements with the New York State Office of Court Administration and pay the biennial registration fee required by 22 NYCRR 118.1 of all attorneys admitted to practice in this State regardless of where they practice. Accordingly, his name was stricken from the roll of attorneys and counselors-at-law in New York State.

Respondent thereafter sought to reargue the order of this Court, in order to tender his resignation as a member of the New York State Bar and thereby avoid disbarment. Through a series of supplemental affirmations, he explained his failure to file the requisite statements and pay the necessary fees, as well as his mistaken belief that he could not tender his resignation prior to this Court's action on the original petition brought by the Departmental Disciplinary Committee. By order entered October 29, 1996 (232 AD2d 326), respondent's motion for reargument and vacatur of our June 13, 1996 order was denied with leave to renew upon submission of proof that respondent has paid in full the delinquent registration fees.

On the instant motion, respondent renews his request for reargument and seeks to vacate this Court's disbarment order based on his submission of a supplemental affirmation containing proof of payment of the outstanding registration fees. Having submitted the proof required by our order of October 29, 1996, respondent's motion to reargue the June 13, 1996 disbarment order is granted, that order is vacated and respondent's resignation from the New York State Bar is accepted, effective nunc pro tunc as of July 15, 1996.

MILONAS, J. P., ELLERIN, NARDELLI, WALLACH and MAZZARELLI, JJ., concur.

Respondent's motion to reargue the June 13, 1996 disbarment order is granted, that order vacated, and respondent's resignation from the New York State Bar accepted nunc pro tunc, as of July 15, 1996.